IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN AHNER | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-1523 |
| BLACK BROTHERS COMPANY, INC. | ) ) ) |
| Defendant. | ) |

MEMORANDUM ORDER

GARY L. LANCASTER,
District Judge.                                May 9, 2008

This is an action in products liability. Plaintiff, Carolyn Ahner, alleges that defendant, Black Brothers Company, Inc., manufactured a defective gluing machine or "spreader." Plaintiff was injured while cleaning the machine and seeks monetary damages. Defendant has filed a motion for summary judgment under Fed. R. Civ. P. 56(c) arguing that no genuine issue of material fact exists that the machine was safe. Defendant further argues that plaintiff cannot prove her case under any theory of liability. For the reasons that follow, the motion will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed the motion and response thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there are genuine disputes of material fact which preclude summary judgment in this matter.

Specifically, the parties here dispute whether the machine was defective and whether any purported defect proximately caused plaintiff's injuries. Under Pennsylvania law, to maintain a claim for product liability under a theory of negligence or strict liability, a plaintiff must show, inter alia, that the product at issue was defective and that the defect was the proximate cause of the injuries. See Spino v. John S. Tilley Ladder Co., 696 A.2d 1169, 1172 (Pa. 1997); Pavlik v. Lane Ltd./Tobacco Exporters Intern., 135 F.3d 876, 881 (3d Cir. 1998) (quoting Restatement (Second) of Torts § 402A). In this case, the parties dispute whether the machine was defective with respect to certain safety features. The parties also dispute whether purported design defects proximately caused the accident.

First, the parties dispute whether the infeed table guard should have been designed with electrical interlocks.[1] According to plaintiff, such an electrical interlock would have prevented the machine from running if the infeed table guard was removed or out of position. Thus, plaintiff argues that the accident would not have occurred if the machine was designed with an interlocked infeed table guard. Defendant, however, argues that such an electrical interlock was neither required nor

---

[1] The parties do not dispute that the infeed table guard was removed from the machine sometime after leaving defendant's control.

feasible on this type of infeed table guard. According to defendant, the removal of the infeed table guard caused the accident.

Similarly, the parties dispute whether the machine should have been designed with an emergency stop button. Although the parties do not dispute that the machine was equipped with a control bar which could stop the machine in case of an emergency, the parties dispute the effectiveness of the control bar in an emergency. According to plaintiff, the control bar was not easily accessible to plaintiff to stop the machine. Even if plaintiff could have accessed the control bar, plaintiff argues that it could not immediately stop the machine from running, as the rolls of the spreader would still continue to rotate before stopping completely. Thus, plaintiff argues that an emergency stop button was needed in addition to the control bar. Defendant, however, argues that the control bar was an adequate safety feature and that the machine was not unreasonably dangerous. Had plaintiff used the control bar, defendant contends that plaintiff could have stopped the machine and prevented the accident.

Finally, the parties also dispute the adequacy and visibility of certain warnings on the machine at the time of the accident. Defendant contends that, at the time of the accident,

the spreader still had affixed to it a metal sign containing cleaning instructions as well as other warning labels that the rolls must be separated and moving rolls must never be touched. Plaintiff, however, contends that such instructions or labels were not readable and/or were incomplete. Plaintiff further states that any warning labels on the machine at the time of the accident were not visible due to the accumulation of hardened glue which obscured the labels.

These disputed facts regarding the adequacy of certain safety features and warnings are material because they directly relate to whether the machine was defective and whether the purported defects caused plaintiff's injury. A product is defective if it lacks any element necessary to make it safe for its intended use or has any feature which renders it unsafe for the intended use when it leaves the control of the manufacturer or seller. See Azzarello v. Black Bros. Co., 391 A.2d 1020, 1027 (Pa. 1978). Here, genuine issues of material fact exist such that a jury may find from the evidence that the machine left defendant's control lacking certain safety devices necessary for its intended use or possessing any feature which rendered it unsafe for its intended use. Thus, summary judgment is not appropriate.

Further, under Pennsylvania law, an otherwise properly designed product may still be unreasonably dangerous, and therefore "defective," for strict liability purposes if the product is distributed without sufficient warnings to apprise the ultimate user of latent dangers in the product. <u>Pavlik</u>, 135 F.3d at 881. Here, it is for the jury to determine whether the evidence supports a reasonable inference that the machine contained adequate warnings which may have prevented plaintiff's injury.

Accordingly, this 9 day of May, 2008 upon consideration of defendant's motion IT IS HEREBY ORDERED that defendant's motion for summary judgment [Doc. No. 14] is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record